```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


Dean M. Gero,                     :
        Plaintiff,                :
                                  :
        v.                        :      File No. 1:07-CV-145
                                  :
Vermont Department of             :
Corrections, Ellen McWard,        :
        Defendants.               :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 5 and 9)

Plaintiff Dean Gero, a Vermont inmate proceeding *pro se*, brings this action seeking production of his prison grievance filings. Gero claims that he has requested copies of his grievances, but that defendant Ellen McWard, Assistant Superintendent at the Southern State Correctional Facility ("SSCF"), has not provided them. Now pending before the Court is the defendants' motion to dismiss. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and that this case be DISMISSED.

### Factual Background

For purposes of the motion to dismiss, the facts alleged in the complaint will be accepted as true. Gero has filed several grievances while incarcerated at SSCF.

He has asked the defendants, by phone and in writing, for copies of these grievances.  For example, in a letter dated May 29, 2007, he wrote to defendant McWard "respectfully requesting a copy of [his grievances], so I would have them for my civil action pending in federal court."[1]  To date, there is no indication in the record that the documents have been provided.

Gero claims that the defendants have violated the Privacy Act of 1974.  He cites no other federal authority as a basis for relief.  He is seeking $5,000 in damages and an order requiring the Vermont Department of Corrections ("DOC") to produce the grievance documents.

### Discussion

On a motion to dismiss, the Court must accept as true the factual allegations in the complaint and must draw all inferences in the plaintiff's favor.  See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).  To survive dismissal, a complaint must plead enough facts to be plausible on its face.  Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008)

---

[1]  The Court takes notice of the fact that Gero has another federal action pending.  Gero v. Hofmann, File No. 1:07-CV-103.

2

(citing <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007)).

The defendants first argue that the Privacy Act of 1974 does not apply in this case. The Privacy Act prohibits an agency from disclosing any record except by written request from, or with prior written consent of, the individual to whom the record pertains. 5 U.S.C. § 552a(b).[2] Here, it is not clear where the disclosure violation lies, since Gero is complaining that the defendants have *failed* to disclose such records. In any event, the Privacy Act is specifically limited to actions against agencies of the United States Government. <u>See Pennyfeather v. Tessler</u>, 431 F.3d 54, 56 (2d Cir. 2005). It provides no private right of action against "an official or employee of a municipal or state, rather than a federal, agency." <u>Id.</u> Gero's Privacy Act cause of action against the DOC, a state agency, and McWard, a state employee, should therefore be DISMISSED.

To the extent that Gero is claiming some form of civil rights violation under 42 U.S.C. § 1983, his damages claims against the DOC and McWard in her official

---

[2] The Privacy Act has several exceptions that are not relevant here.

capacity are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Any claim for injunctive relief is misplaced, as Gero has failed to identify a constitutional right that was violated by McWard's alleged inaction.

Moreover, Gero need not have filed a new action in order to obtain documents from the defendants.  As he states in his complaint, Gero is seeking documents for use in another case.  The most appropriate avenue for accessing those documents is through that case's discovery process.  If Gero requests the documents and they are not produced, he may proceed according to the Local Rules and, if necessary, file a motion to compel.

In this case, the complaint does not set forth any viable legal basis upon which this Court can provide the requested relief.  Any effort to amend the complaint would be futile, as there is no apparent violation of federal law.  See Kropelnicki v. Siegel, 290 F.3d 118, 131 (2d Cir. 2002) (affirming denial of leave to amend where "no possible set of facts" would state a claim).  I therefore recommend that the Court GRANT the defendants' motion to dismiss.

<u>Conclusion</u>

For the reasons set forth above, I recommend that the defendants' motion to dismiss (Paper 5) be GRANTED, and that this case be DISMISSED.  Gero's motion for appointment of counsel (Paper 9) is DENIED as moot.

Dated at Burlington, in the District of Vermont, this <u>16th</u> day of May, 2008.

<u>/s/ Jerome J. Niedermeier</u>
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>See</u> Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).